Luis MARTIN, Petitioner–Appellee,

v.

George GIURBINO, Respondent–Appellant.

No. 05–55611.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 2007.

Filed June 27, 2007.

Anthony Phillip Brooklier, Esq., Donald B. Marks, Esq., Marks & Brooklier, Los Angeles, CA, for Petitioner–Appellee.

Kyle N. Shaffer, AGCA—Office of the California Attorney General, San Diego, CA, for Respondent–Appellant.

Before: SILVERMAN and CALLAHAN, Circuit Judges, and ROBART,* District Judge.

MEMORANDUM **

Warden George Giurbino appeals the district court's order granting Luis Mar-

* The Honorable James L. Robart, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

tin's petition for a writ of habeas corpus. We reverse.

In his habeas corpus petition, Martin contends that the government violated his Sixth Amendment right to counsel when it introduced as evidence inculpatory statements he made to his girlfriend, who had secretly arranged with police to record the couple's telephone conversations while Martin was out on bail. *See Massiah v. United States,* 377 U.S. 201, 206, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964) (holding that the government violates the Sixth Amendment when it introduces incriminating statements that police have deliberately elicited from the accused outside the presence of counsel).

We conduct *de novo* review of the district court's decision to grant Martin's petition for a writ of habeas corpus. *Ramirez v. Castro,* 365 F.3d 755, 762 (9th Cir.2004). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), this court cannot grant habeas relief unless the state court's adjudication of Martin's claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence. 28 U.S.C. § 2254(d).

Here, the California Court of Appeal held that no *Massiah* violation occurred because Martin's girlfriend questioned Martin about the pending murder charge on her own initiative without any prompting from police, and because she contacted the authorities when Martin threatened her life, not because she hoped to gather information about the crime in exchange for a benefit. The Court of Appeal considered and rejected Martin's argument under *United States v. Henry,* 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980), that the only permissible inference from the

evidence was that the police knowingly exploited an opportunity to question Martin without his counsel present.

Under the constraints of AEDPA, we conclude that the California Court of Appeal's denial of Martin's claim does not involve an objectively unreasonable application of federal law. The government runs afoul of the Sixth Amendment when it designates an informant to question the accused on its behalf, outside the presence of counsel. *Massiah,* 377 U.S. at 206, 84 S.Ct. 1199. Still, in order for such a violation to occur, the police and their informant must take "some action ... designed deliberately to elicit incriminating remarks." *Kuhlmann v. Wilson,* 477 U.S. 436, 459, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986); *see also Maine v. Moulton,* 474 U.S. 159, 176, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985) (noting "the Sixth Amendment is not violated whenever—by luck or happenstance—the State obtains incriminating statements"); *Brooks v. Kincheloe,* 848 F.2d 940, 945 (9th Cir.1988) (holding that no Sixth Amendment violation occurred where an enterprising informant took it upon himself to question the accused). Thus, the California Court of Appeal's denial of Martin's claim based on a finding that Martin's girlfriend acted on her own and not as an agent of the government does not amount to an unreasonable application of federal law to the evidence presented. *Cf. Henry,* 447 U.S. at 270–71, 100 S.Ct. 2183 (assuming an agency relationship where prosecutors paid seasoned jailhouse plant on a contingency-fee basis, such that the government "must have known" that the informant would stimulate discussion with the defendant about the crime charged in exchange for leniency).

**REVERSED.**